**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————

No. 16-50432 c/w
No. 16-50433
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO REYES-RUIZ,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1766-1
USDC No. 2:15-CR-907-1

————————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alfredo Reyes-Ruiz pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326 and was sentenced within the guidelines range to 30 months of imprisonment and three years of supervised release. During the sentencing hearing, Reyes-Ruiz also pleaded true to the allegation that he violated a condition of his supervised release by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50432 c/w
No. 16-50433

illegally reentering the United States, and he was sentenced upon revocation to seven months of imprisonment, which was below the sentencing range recommended by the Guidelines policy statements.

For the first time, Reyes-Ruiz argues that his 37-month total sentence is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unreasonable.  In support of his argument, he asserts that his illegal reentry offense is essentially an international trespass; that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is flawed because it is not empirically based and results in the double counting of his criminal history; and that a sentence at the bottom of the Guidelines would have been sufficient but not greater than necessary to achieve the sentencing goals of promoting respect for the law and providing just punishment and adequate deterrence.

Because he does not argue that the district court committed any procedural error in imposing the sentences, our review is confined to whether the sentence is substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Further, because Reyes-Ruiz failed to raise his challenge in the district court, our review is for plain error only.  *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  Although Reyes-Ruiz acknowledges that we apply plain error review when a defendant fails to object in the district court to the reasonableness of the sentence imposed, he notes there is a circuit split on the issue and seeks to preserve the issue for possible further review.

Reyes-Ruiz has failed to show that the imposition of the 37-month total sentence constituted a clear or obvious error.  At the outset, we note that the district court was in a superior position to find facts and assess their importance under § 3553(a), and we will not reweigh the district court's assessment of the § 3553(a) factors.  *See Gall*, 552 U.S. at 51-52; *United States*

No. 16-50432 c/w
No. 16-50433

*v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).  Further, we have rejected arguments that a sentence is substantively unreasonable because an illegal reentry offense is essentially an international trespass, *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008), and because the illegal reentry Guideline is not based on "empirical data" and "double counts" prior offenses, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Additionally, the seven-month revocation sentence is below the advisory guidelines policy statement range of 8 to 14 months, and the district court's order that the revocation sentence run consecutively to the illegal reentry sentence is consistent with U.S.S.G. § 7B1.3(f), p.s., which provides that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."

The judgment of the district court is AFFIRMED.